[Sac. No. 114.   Department One.—October 10, 1896.]

J. E. CHAPIN, APPELLANT, v. E. E. WILCOX, AUDITOR OF MADERA COUNTY, RESPONDENT.

COUNTIES OF FORTY-SECOND CLASS—COMPENSATION OF SUPERVISORS.—
Under section 204, subdivision 15, of the County Government Act of 1893, the aggregate amount of the compensation that supervisors in counties of the forty-second class can receive is limited to four hundred dollars per annum, including both their *per diem* and mileage.

APPEAL from a judgment of the Superior Court of Madera County. W. M. CONLEY, Judge.

The facts are stated in the opinion of the court.

*W. H. Larew*, and *J. S. Larew*, for Appellant.

*Miles Wallace*, for Respondent.

HARRISON, J.—The plaintiff is one of the supervisors of the county of Madera, and the defendant is the auditor of that county. On February 8, 1895, the board of supervisors allowed the account and claim of the

plaintiff in the sum of four hundred and eighty-seven dollars and eighty cents as a balance on mileage as supervisor of said county, and ordered said claim paid, and the plaintiff thereupon made a demand upon the defendant, as auditor of the county, that he issue to him a warrant upon the county treasurer for that amount. The defendant refused to issue the warrant, and the plaintiff filed in the superior court his affidavit ·and petition for a writ of mandate commanding the auditor to draw the warrant. An alternative writ was issued thereon, and the defendant, having appeared and demurred to said petition, his demurrer was sustained, and judgment entered against the plaintiff. From this judgment the plaintiff has appealed.

The determination of this case depends upon the construction of subdivision 15 of section 204 of the County Government Act of 1893. (Stats. 1893, p. 499.) The first clause of said section and said subdivision are as follows:

"SEC. 204. In counties of the forty-second class the county officers shall receive as compensation for the services required of them by law, or by virtue of their office, the following salaries, to wit: . . . . 15. Supervisors shall receive seven dollars *per diem*, and twenty-five cents per mile in traveling to and from their respective residences to the county seat. All of which compensation in the aggregate shall not exceed four hundred dollars *per annum* each."

It is contended by the appellant that the limitation of four hundred dollars in the last sentence of the section applies only to the *per diem*, and that in addition thereto he is entitled .to twenty-five cents for each mile that he has traveled in going to and from his residence to the county seat—in the present case alleged by him to be two thousand two hundred and eight miles, during the years 1893 and 1894. The respondent contends on the other hand, that the four hundred dollars compensation allowed to members of the board of supervisors includes both *per diem* and mileage; that is to say, that

no one member can draw more than that amount for all services in any one year, both as *per diem* and mileage.

The provision which is made for the compensation of supervisors in counties of the forty-second class differs in its language from that made for these officers in counties of any other class, and is to be determined by a construction of the language that has been employed. In some counties supervisors receive a fixed, annual salary, without any provision for mileage, while in others mileage to a limited amount is allowed them. In some they receive a *per diem* without any limitation upon its amount, and a mileage not to exceed a certain amount; and in some there is a limit upon each, while in others the limit is upon the *per diem* alone. Of those that receive a *per diem* and mileage there is in some a limitation upon one, and in some a limitation upon the other, and in some a limit upon neither. The provision for these officers in the forty-second class differs from all the others in that the limit to the entire compensation is made definite and precise. After determining that the basis upon which their compensation is to be fixed shall be a *per diem* and mileage, and fixing the amount of each of these elements, the legislature has declared that "*all* of which compensation in the aggregate shall not exceed four hundred dollars *per annum* each," thus leaving little, if any, room for construction. It would be difficult to express in more explicit language that the entire amount which a supervisor in this class of counties shall receive in any one year for the services required of him by law, or by virtue of his office, is four hundred dollars. Traveling to and from his residence to the county seat is as much a part of the services required of him as is the sitting in the council chamber of the board, and the compensation for these services has been fixed by the legislature in the foregoing language. If the legislature had merely said "all of which compensation" shall not exceed four hundred dollars in any one year, both the *per diem* and

the mileage would have been included, since "all" is a term of number which includes the several items making up the basis of the compensation; but, as if to make its purpose more clear, the legislature has added that all this compensation shall not "in the aggregate" exceed four hundred dollars *per annum*. The term "aggregate" implies a plurality of units whose total amount it represents. It is defined in the Century Dictionary as "a sum, mass, or assemblage of particulars; a total or gross amount; any combined whole, considered with reference to its constituent parts"; and in the above section these units are the *per diems* and the number of miles traveled, the total amount of which shall not exceed four hundred dollars *per annum*.

*Kirkwood* v. *Soto*, 87 Cal. 394, is inapplicable, as, in that case, the provision was that the superintendent of schools, in addition to his compensation, should receive the actual traveling expenses incurred by him, whereas there is no provision of that nature applicable to the appellant, nor is his claim based upon any expenses incurred by him.

The judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.