[L. A. No. 737. Department One. — March 29, 1901.]

## J. A. RICE et al., Respondents, v. NATIONAL CITY et al., Appellants.

OFFICERS — CITY MARSHAL — RE-ELECTION — FAILURE TO QUALIFY — VACANCY — HOLDING OVER — CHANGE OF SALARY. — A city marshal, re-elected for a new term, by failure to qualify therefor created a vacancy, and by holding over until his successor was chosen and qualified merely prolonged his original term, and, during the time of his holding over, could not be affected by any reduction or increase of his salary.

ID. — APPOINTMENT TO FILL VACANCY — PRIOR REDUCTION AND INCREASE OF SALARY. — A reduction of salary, made prior to the expiration of the original term of the marshal, ceased to be effective when changed by an increase made during the time of his holding over, and such increase did not become effective until the beginning of a new term, which commenced subsequently thereto, under an appointment made by the trustees to fill the vacancy, under which the incumbent qualified. As applied to such new term, the increase was not subject to the objection that the salary was changed during the incumbent's term of office.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion.

D. M. Hammack, and H. A. Jerauld, for Appellants.

L. Dadmun, and M. R. Thorp, for Respondents.

HAYNES, C. — The plaintiffs, taxpayers of National City, brought this action against said city, and Samuel W. Smith

as city marshal, and also against the city clerk and treasurer, to enjoin them from paying said city marshal the sum of twenty-five dollars per month, that being the salary fixed by a certain ordinance which plaintiffs contend increased the salary of the marshal after his term of office commenced.

The defendants demurred to the complaint for want of facts, and their demurrer having been overruled, declined to answer, and now appeal from the judgment thereupon entered.

Defendant Smith was elected to the office of city marshal at the April election, 1896, for the term of two years, and qualified and entered upon the duties of his office on the 20th of that month, the monthly salary of the city marshal being then fixed by ordinance at forty dollars per month. On March 16, 1898, shortly before the expiration of his term of office, the board of trustees passed a new ordinance, in which it was provided that the city marshal should receive sixty dollars per year, payable in monthly installments of five dollars each, and also one dollar for each dog impounded under the authority of the ordinances of said city, and in case the dog was redeemed under the provisions of the ordinance, as well as under certain other circumstances mentioned in the ordinance, he should receive $1.50 per dog.

At the regular election held April 11, 1898, defendant Smith was again elected city marshal for the term of two years, commencing on April 20, 1898, and was duly declared elected, and notified by the city clerk of his election. It is further alleged that defendant Smith failed, refused, and neglected to file his bond and take the oath of office and to qualify under his said election, and "that a vacancy in said office was thereby created, and said office thereupon became vacant, but the said defendant held over until his successor was elected and qualified, and that said defendant did so voluntarily hold over and act as city marshal and to fill said vacancy created by his refusal to qualify." It is further alleged that on June 21, 1898, the board of trustees adopted a new ordinance (No. 140), "attempting to amend said ordinance No. 138, by which [new ordinance] the salary and compensation of the marshal of said city was raised and increased from the sum of five dollars per month to twenty-five dollars per month." It is further alleged that on July 13, 1898, "the board of trustees of said city filled the vacancy so created, by electing and appointing said defendant to said office, and that afterwards,

and in the manner and within the time required by law, said defendant qualified under said election and appointment of said board of trustees, and that said defendant is now filling said office according to law."

It is also alleged that ever since said appointment the marshal has been paid said salary, and that the clerk will continue to draw warrants therefor, and the city treasurer to pay them, unless enjoined from so doing.

It is clear from the allegations of the complaint that defendant Smith did not take office under his election in April. He refused to qualify, and, as alleged, a vacancy resulted. The term of the office, as fixed by the Municipal Government Act, is two years, dating from the 20th of April after the election. But that does not necessarily fix the term of the officer. The language of the statute is, "*their* several terms of office"; not during the statutory term fixed for the office. Incumbents frequently die. Sometimes they resign. In either case the term of the incumbent ends. If the people fail to elect an officer, or if the person elected fails or refuses to qualify, the incumbent holds over until his successor is appointed or elected and qualifies; but the period during which he holds over is not a new term, but is a continuance or prolongation of the term for which he was elected. It was so held in *People* v. *Edwards,* 93 Cal. 153, 157, where it was also said: "During the time he holds over, his salary cannot be increased, and he and his sureties are liable on his official bond for all his acts until his successor is elected or appointed and qualified." Or as said in *People* v. *Ward,* 107 Cal. 239, "he had a fixed *tenure* and a contingent *term.*" (See also *People* v. *Hammond,* 66 Cal. 654, and *Dillon* v. *Bicknell,* 116 Cal. 111.) If Doe had been appointed instead of Smith, it would hardly be contended that the ordinance passed in June, prior to his appointment, increased or in any manner changed his compensation "during his term of office," which could not begin until he was appointed and qualified. If the statute had provided that the compensation attached to the office of city marshal should not be increased or diminished during the statutory term of two years for which the marshal shall be elected, respondent's contention would be sound. The difference, however, is apparent. The object of the statute is to protect the incumbent against a reduction of compensation during his occupancy of the office, and also to take away all inducement to use his

official influence and efforts to procure an increase of it during his incumbency; and in accepting the appointment Smith had a right to rely upon the compensation as then fixed, but which could not take effect until he entered upon a new term under his appointment.

Our conclusion upon the main question renders it unnecessary to consider the question whether the complaint is otherwise sufficient.

The judgment should be reversed, with directions to dismiss the action.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to dismiss the action.

Harrison, J., Garoutte, J., Van Dyke, J.