[L. A. No. 1406.  Department One.—January 21, 1904.]

# W. E. AGARD, Respondent, v. EUGENE E. SHAFFER, Auditor of San Diego County, Appellant.

PUBLIC OFFICERS—EXTRA CLERK FOR RECORDER—COMPENSATION—PROVISION BY SUPERVISORS—CONSTITUTIONAL LAW.—Section 3678 of the Political Code, directing the board of supervisors, when necessary, to provide for the payment of such additional clerical force as may be required to enable the county recorder to assist the assessor in the performance of his duties, by annually transmitting to him a complete abstract of all mortgages, deeds of trust, contracts, and other obligations by which any debt is secured, remaining unsatisfied upon the records, is in conflict with section 5 of article XI of the constitution, in leaving the regulation of the compensation of a county officer, in some measure, to the board of supervisors.

APPEAL from a judgment of the Superior Court of San Diego County.  N. H. Conklin, Judge.

The facts are stated in the opinion.

Cassius Carter, District Attorney, and W. R. Andrews, Deputy District Attorney, for Appellant.

Stearns & Sweet, for Respondent.

GRAY, C.—The respondent, Agard, in a clerical capacity, assisted the recorder of San Diego County in the preparation of abstracts of mortgages to be furnished to the assessor of the same county, pursuant to the provisions of section 3678 of the Political Code. The board of supervisors of said county thereafter determined that the employment of respondent by the recorder was necessary to do such work, and allowed his claim therefor, amounting to $1,304. The county auditor refused to draw his warrant for the claim, and Agard brought this proceeding in the superior court, and obtained judgment requiring the auditor to draw his warrant on the county treasurer for the amount of the claim. The auditor appeals.

One contention of appellant is, that said section 3678 of the Political Code is in conflict with section 5 of article XI of the constitution, in that it leaves, in some measure at least, the regulation of the compensation of a county officer to the board of supervisors. We think this contention must be upheld.

The section of the code referred to reads as follows: "To assist the assessor in the performance of his duties, the recorder must annually transmit to the assessor, on or before the first Monday in April of each year, a complete abstract of all mortgages, deeds of trust, contracts, and other obligations by which any debt is secured, remaining unsatisfied on the records of his office," etc. "When necessary, the board of supervisors of each county must provide for the payment of such additional clerical force as may be required to enable the county recorder to comply with this section."

The said section 5 of article XI of the constitution provides as follows: "The legislature, by general and uniform laws, shall provide for the election or appointment in the several counties, of boards of supervisors, sheriffs, county clerks, district attorneys, and such other county, township, and municipal officers as public convenience may require, and shall prescribe their duties and fix their terms of office. It shall regulate the compensation of all such officers in proportion

to duties, and for this purpose may classify the counties by population,'' etc.

If the quoted section of the code is followed, it may well be that in some counties the board of supervisors will be of opinion that clerical assistance of the recorder to perform the official duties prescribed by the section is entirely unnecessary, and as a consequence such recorder will be compelled to pay his clerical help out of his own salary. In other counties an abundance of clerical assistance may be furnished the recorder and compensated directly from the county treasury. Thus it may be seen that the compensation of the recorder may be increased or diminished by the action of the several boards of supervisors under the statute. It was the purpose of the constitutional provision quoted that the legislature should regulate the compensation of all such officers in proportion to duties, and it was not intended that such compensation should be left either directly or indirectly to the discretion or regulation of the board of supervisors. This is clearly pointed out in *Dougherty* v. *Austin,* 94 Cal. 601, and *Welsh* v. *Bramlet,* 98 Cal. 222, and the reasons fully given. The same principle was referred to in *Tulare County* v. *May,* 118 Cal., at page 306, and the previous decisions upon this point in *Dougherty* v. *Austin,* and *Welsh* v. *Bramlet,* declared to be correct.

In the cases cited the compensation of deputies to be allowed or disallowed by the board of supervisors was the point wherein the statutes were held to be in violation of section 5 of article XI of the constitution. In the statute before us in this case the compensation was to be allowed by the board to ''additional clerical force'' to assist the recorder in performing his official duties. In principle there is no difference between helping out the recorder's compensation by furnishing him a *deputy* to perform the work of the office and furnishing him a ''clerical force'' to do the same thing. The one affects his compensation in exactly the same manner as the other. And if the power to do the one thing should not be delegated to the board of supervisors, then the power to do the other thing should not be so delegated.

Respondent cites the case of *Kirkwood* v. *Soto,* 87 Cal. 397, as being the same in principle as the case at bar. It will be

seen on an examination of that case that section 5 of article XI of the constitution is not discussed or even referred to. The court in that case, however, does distinguish between the "incidental expenses of the office" and "compensation for services to be rendered," and that distinction might well render the provision of the statute there under discussion not obnoxious to the provisions of section 5 of article XI of the constitution. The case is therefore inapplicable to the question here decided.

We advise that the judgment be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.        Shaw, J., Angellotti, J., Van Dyke, J.