[Civ. No. 1132.   Second Appellate District.—September 21, 1912.]

## G. WILLIAMS, Petitioner and Respondent, v. W. D. GAREY, as County Auditor of the County of Imperial, State of California, Defendant and Appellant.

OFFICERS—CHANGE IN COMPENSATION OF OFFICE DURING TERM—PRE-
SUMPTION OF INCREASE—CHANGE INOPERATIVE UNTIL NEW TERM.—
Where new legislation makes a change in the amount of compensa-
tion to be paid to the incumbent of an office elected for a specified
term, unless it clearly appears by its terms that such change will
not operate to increase the compensation theretofore paid, it will
be presumed that the compensation is thereby increased, and that
the legislature did not intend it to be operative upon the current
term of office; but if it may actually or presumptively increase the
compensation, it is to be postponed in its effect until the commence-
ment of a new term of office, to which the successor to the incumbent
may be elected.

ID.—CHANGE OF LEGISLATION DURING INCUMBENCY OF COUNTY RECORDER
OF IMPERIAL COUNTY—DECREASE OF SALARY—DEPUTIES PAID FROM
TREASURY—PRESUMPTION.—Where after an incumbent of the office
of county recorder of Imperial county had assumed office on a fixed
salary of $3,000, under the obligation to perform all of the duties
of the office, and to pay any deputies therefrom, when that county
belonged to the thirty-sixth class, the legislature assumed to change
its classification, and reduced the salary of that office to $2,000, and
provided for "as many copyists as may be required," who should
be paid out of the county treasury, which right did not previously
exist, and the incumbent assumed to appoint copyists to be so paid,
it is held that it must be presumed that an increase of compensa-
tion would thereby result, and that the legislature did not intend
that such change should be put into operation prior to the com-
mencement of a new term.

ID.—MANDAMUS OF COPYIST OF RECORDER TO AUDITOR—IMPROPER AL-
LOWANCE OF WRIT—REVERSAL.—Where a copyist appointed by the
incumbent recorder sought by *mandamus* to compel the auditor to
pay his demand out of the county treasury, and a demurrer to the
petition for the writ was overruled and a peremptory writ was
erroneously ordered as prayed for, the judgment must be reversed
with direction to sustain the demurrer to the petition for the writ.

APPEAL from a judgment of the Superior Court of Im-
perial County.   Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

19 Cal. App.—49

Phil D. Swing, District Attorney, for Auditor, Appellant.

Shaw, Ross & Dyke, for Respondent.

JAMES, J.—Prior to the year 1909 the county of Imperial was classified by the legislature as a county of the thirty-sixth class. By section 4265 of the Political Code the salaries of the various county officers for such counties were then fixed. The introductory portion of the section referred to reads as follows: "In counties of thirty-sixth class, the county officers shall receive as compensation for the services required of them by law, or by virtue of their office, the following salaries." By subdivision 3 of said section it was provided that the county recorder should receive the sum of $3,000 per annum. While this state of the law existed John B. Baker was elected as recorder of Imperial county, and he in due time qualified and continued to act as such recorder until the second day of January, 1911, that being the date of the expiration of his term of office. The legislature of the year 1909 amended the statute relating to the classification of counties and provided for a new class to be known as the thirty-sixth and one-half class, which should include all counties having a population of ten thousand and under ten thousand five hundred. At the same time and by a separate act the population of the various counties of the state was ascertained and fixed, Imperial county being accredited with a population of ten thousand two hundred and fifty. In order to provide for compensation to be paid to officers of counties of the thirty-sixth and one-half class a new section was added to the Political Code, numbered 4265a, by act approved March 25, 1909. By this latter legislation changes were made in the amount of compensation theretofore paid to officers of counties of the thirty-sixth class, to which Imperial had belonged, and among the changes so made was one reducing the salary to be paid to the county recorder from $3,000 to $2,000 per annum; but it was added that "the recorder may employ as many copyists as may be required, who shall receive as compensation the sum of five cents per folio for recording any instrument or notice except maps or plats, and for copies of any records or papers, five cents per folio." The recorder, acting under the authority assumed to be given by the new section of the Political

Code, employed the petitioner as a copyist, and petitioner rendered services as such from the twenty-fourth day of May, 1909, until the end of December, 1910, for which he claimed to be entitled to payment in the sum of $1,303.70, of which $532.22 was paid, leaving a balance due and claimed in his favor of $771.48. The county auditor refused to issue warrants to petitioner for the balance claimed to be due and he brought this proceeding for a writ to compel the issuance of such warrants. A demurrer was interposed to his petition, in which it was assigned as ground therefor that the petition did not state facts sufficient to constitute a cause of action or entitle petitioner to the relief prayed for, and particularly that payment of the moneys demanded to petitioner would be in violation of section 9 of article XI of the constitution of the state of California. The demurrer was overruled and defendant declining to answer, peremptory writ of mandate was ordered to be issued as prayed for. From this judgment defendant has appealed.

Section 9 of article XI of the constitution of this state provides that "the compensation of any county, city, town, or municipal officer shall not be increased after his election or during his term of office; . . . " The application of this provision of the constitution to various acts of the legislature passed from time to time affecting the compensation to be paid to county officers has been the subject of a number of decisions by our supreme court and the question here presented is therefore not a new one. It has been consistently and uniformly held that wherever new legislation is made which will have the effect, actually or presumptively, to increase the compensation to be paid to an incumbent officer of a county, that such legislation is to be postponed in its effect until the commencement of the new term of office to which the successor of the incumbent may be elected. And it is further held that where new legislation makes a change in the amount of compensation to be paid an incumbent of an office, unless it clearly appears by the terms of the legislative act that such change will not operate to increase the compensation theretofore paid, it will be presumed that the compensation is increased thereby and that the legislature did not intend the act to be operative upon terms of office then current. (*Smith* v. *Mathews,* 155 Cal. 752, [103 Pac. 199], and cases cited therein; followed by

this court in *Applestill* v. *Gary,* 18 Cal. App. 385, [123 Pac. 228].) It is suggested in the brief of respondent that the decision in the case of *Kirkwood* v. *Soto,* 87 Cal. 394, [25 Pac. 488], is applicable, in which it is held that an additional allowance to a county school superintendent for necessary traveling expenses during his term of office is not in violation of the section of the constitution quoted. That decision rests upon the asserted ground that there was no increase of compensation made in that case, but that the increase was merely of incidental expenses of the office. That case was later distinguished from the cases of *Chapin* v. *Wilcox,* 114 Cal. 498, [46 Pac. 457], and *Agard* v. *Shaffer,* 141 Cal. 725, [75 Pac. 343], and the distinction urged in these latter cases applies, if anything, with added force to the facts here present. The law as it provided for compensation to be paid the recorder at the time Baker entered upon his term of office made no allowance whatsoever to the recorder for clerical service or for assistants to aid him in entering upon the records the various instruments or documents required or permitted by law to be recorded. He assumed office with the obligation on his part to perform all of its duties for the gross compensation of $3,000 per annum. When by the new act of the legislature it was provided that the recorder might employ as many copyists as ''may be required,'' who should be paid out of the county treasury, the effect was to relieve the recorder from the doing of a portion of the work of his office which he had theretofore been required to perform himself in person or by deputies who, if they received compensation, were paid by the official out of the gross compensation allowed to him. It cannot be said as a matter of fact that the amount of compensation which the copyists would receive for the doing of the work would exceed the amount of the difference of $1,000 between the salary formerly provided for and that provided by the new section of the code, but it does not appear by the terms of the new section that such increase would not be worked or that the legislature intended the new schedule of salaries to be immediately operative. The presumption, therefore, must prevail that an increase of compensation would result and that the legislature did not intend that the act should be put in operation prior to the commencement of the new term of office.

The judgment is reversed, with direction to the trial court to sustain the demurrer of defendant as interposed to the petition.

Allen, P. J., and Shaw, J., concurred.