ENRIQUE PONSA PARÉS, Petitioner and Appellee, v. GOVERNOR OF PUERTO RICO ET ALS., Defendants and Appellants.

No. 7491.   Argued February 20, 1939.—Decided June 2, 1939.

*B. Fernández García, Attorney General,* and *Emilio de Aldrey, Assistant Attorney General,* for appellants. *Ponsa & Riefkohl,* for appellee.

ON MOTION TO RECONSIDER

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In our former opinion we said that Ponsa Parés had been reappointed July 13, 1935. This statement was based on a stipulation filed in the district court. It now transpires that the parties were mistaken about the date of appointment as set forth in the stipulation. The Governor, it seems, had sent the name of Ponsa Parés to the Senate sometime prior to July 2 and the Senate had confirmed the appointment on that date. The Governor issued a commission July 5. The legislature passed its appropriation bill July 8th. We may take judicial notice of these facts. They were admitted by counsel for appellant at the hearing. It follows that the salary was reduced after reappointment as found by the district judge and the judgment of this Court, as far as the partial reversal of the district court's judgment is concerned, must be set aside, unless it can be sustained on grounds other than those indicated in our former opinion.

Counsel for appellant rely on *Kilroy* v. *Whitmore,* 300 Pac. 851 and *Williams* v. *Garey,* 19 Cal. App. 769 (127 Pac. 824.) The reduction in salary for the new term was effected by the appropriation act for the fiscal year 1935–36, not by that for the previous year 1934–1935. The appropriation act for 1935–36 was passed and approved after the reappointment for a new term. It took effect as of July 1. If no appropriations had been made for the fiscal year 1935–1936, those made for the year 1934–35 would have continued in force under Section 34 of the Organic Act and the cases last

above mentioned would have been more in point. We can not agree that those cases should control the instant case.

Our judgment of December 8, 1938, must be set aside and the judgment of the district court will be affirmed.