## SWEETNEY v. JOHNSTON, Warden.
### No. 23821-S.

District Court, N. D. California, S. D.
May 12, 1943.

Clarence Sweetney, of Alcatraz, Cal., in pro. per.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner, who is detained at Alcatraz prison, applies for a writ of habeas corpus. The question for decision relates to deductions from sentences for good conduct as provided for in the commutation Statutes, particularly in § 710 of 18 U.S.C.A.

Petitioner was convicted of theft of an automobile (violation of § 826b of the District of Columbia Code, D.C.Code 1940, § 22—2204) on December 11, 1936, and sentenced to serve from one to five years in the penitentiary; on February 15, 1938, he was convicted of an assault committed on a Government reservation (violation of § 455 of 18 U.S.C.A.) and sentenced to serve two years to run consecutively to the first sentence imposed. As a result of the second conviction he lost all statutory allowances for good conduct amounting to 480 days. The aggregate of the sentences imposed is seven years upon which the statute allows for good conduct eight days for each month. Up to the time of filing this petition petitioner had served six years, five months and twenty-one days.

Petitioner contends that his term of imprisonment is completed. The Government contends that petitioner will not be entitled to release until June 21, 1943, based upon an allowance for good conduct of six days each month on the two-year sentence. It is argued that if petitioner "has forfeited good time on the original sentence, the subsequent sentence or sentences cannot be aggregated with the original sentence, but must be considered separately," citing the "Record Clerk's Manual of the Bureau of Prisons of the Department of Justice." This rule is without legal authority and is contrary to the clear language of the statute which provides, "When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deductions shall be estimated" (§ 710 of 18 U.S.C.A.), leaving no room for construction. Cf. Chapin v. Wilcox, 114 Cal. 498, 500, 46 P. 457.

The Government cites Aderhold v. Hudson, 84 F.2d 559, which discusses the statute relative to escape (§ 753h of 18 U.S.C.A.) providing that the sentence imposed for an escape should be independent of any sentence being served at the time of the escape. The case is clearly not in point, but indicates that if Congress did not wish good conduct deduction to be made in cases where, as here, the prisoner lost time allowances for misbehavior, it would have said so.

Without deductions petitioner's term of imprisonment would end on November 20, 1943, with deductions of eight days each month upon the aggregate sentences estimated from the date of the second sentence, plus eight days industrial time allowed by the prison record (§ 744h of 18 U.S.C.A.), petitioner was entitled to release on May 5, 1943.

I am therefore of the opinion that the petition should be granted, and it is so ordered.