[Sac. No. 5728. In Bank. Aug. 14, 1945.]

BURT W. BUSCH, Petitioner, v. B. J. TURNER, as County Auditor, etc., Respondent.

Burt W. Busch, in pro. per., for Petitioner.

Chester E. Watson, District Attorney (San Joaquin), as Amicus Curiae on behalf of Petitioner.

Robert W. Kenny, Attorney General, and Robert E. Reed, Deputy Attorney General, for Respondent.

GIBSON, C. J.—Petitioner, the District Attorney of Lake County, asks a writ of mandate to compel respondent, the

auditor of that county, to pay petitioner's salary at the rate of $2,400 a year from and after January 25, 1945, rather than at the rate of $1,800 a year, the amount which petitioner received prior to January 25. There is no dispute as to the facts, and the matter was submitted upon respondent's demurrer to the petition.

Petitioner was elected on August 25, 1942, for the term beginning in January, 1943, and ending in January, 1947. Prior to August, 1943, his salary was fixed at $1,800 a year by section 4280 of the Political Code. In 1943 the Legislature amended this section to increase the salary of the District Attorney of Lake County to $2,400 a year. The statute was silent with respect to its applicability to incumbents. At this time, however, section 5 of article XI of the California Constitution provided, in part: "The compensation of any county, township or municipal officer shall not be increased after his election or during his term of office. . . ." Accordingly, petitioner did not then receive an increase.

In 1944 section 5 of article XI was amended to read, in part: "The Legislature by a two-thirds vote of the members of each House may suspend the provision hereof prohibiting the increase of compensation of any county, township or municipal officer after his election or during his term of office for any period during which the United States is engaged in war and for one year after the termination of hostilities therein as proclaimed by the President of the United States."

Pursuant to the constitutional amendment the Legislature passed chapter 5, Statutes of 1945, suspending the prohibition against salary increases in section 5 of article XI "for the period commencing upon the effective date of this act and continuing until six months after hostilities terminate in each of the wars in which the United States is now engaged." The act was declared to be an urgency measure and to go into effect immediately. It was approved by the Governor on January 24, 1945.

Thereafter petitioner demanded payment of his salary at the increased rate provided by the 1943 legislation. Respondent, however, refused to issue warrants including the increase and petitioner received his salary for the months of January and February, 1945, at the rate fixed prior to 1943. He thereupon instituted this proceeding for a writ of mandate ordering respondent to deliver a warrant for the balance

assertedly due, representing the amount of the increase, for the period beginning January 25, 1945, and ending January 31, 1945, and for the month of February, 1945.

Subsequent to the institution of this proceeding the Legislature, by chapter 417 of the Statutes of 1945, again amended section 4280 of the Political Code fixing the salary of the District Attorney of Lake County at $2,400 per year and specifically stating that this compensation shall be paid to incumbents. Although this amendment, not effective until September 15, 1945, does not directly govern the problems raised herein, it does afford some indication of a general legislative intent to make the salary increase applicable to incumbents. (*Cf. Standard Oil Co.* v. *Johnson,* 24 Cal.2d 40, 48-49 [147 P.2d 577]; *Union League Club* v. *Johnson,* 18 Cal.2d 275, 278-279 [115 P.2d 425].)

The 1943 legislation was sufficiently broad in its terms to include incumbents and it is clear that the prohibition in section 5 of article XI constituted the sole reason precluding petitioner from receiving an increase of salary in that year. Petitioner contends that this prohibition was removed by the constitutional amendment in 1944 together with the subsequent enactment of chapter 5 of the Statutes of 1945, thus permitting section 4280 of the Political Code, as amended in 1943, to become immediately effective on January 24, 1945.

Although no decision considering the precise point has been found, section 5* of article XI as it read before the 1944 amendment has frequently been applied to statutes increasing compensation but containing no specific indication of the Legislature's intention with respect to incumbents. It was determined that such a statute is to be held in abeyance until the next term of office, leaving the former law in effect as to the incumbent. (*Smith* v. *Mathews,* 155 Cal. 752 [103 P. 199]; *Regan* v. *County of San Mateo,* 14 Cal.2d 713 [97 P.2d 231]; *Galeener* v. *Honeycutt,* 173 Cal. 100 [159 P. 595]; *Rice* v. *National City,* 132 Cal. 354 [64 P. 580]; see *Cline* v. *Lewis,* 175 Cal. 315, 318-319 [165 P. 915]; *Harrison* v. *Colgan,* 148 Cal. 69 [82 P. 674]; *Kilroy* v. *Whitmore,* 115 Cal.App. 43, 48 [300 P. 851]; *Shay* v. *Roth,* 64 Cal. App. 314, 323 [221 P. 967]; *Williams* v. *Garey,* 19 Cal.App.

*Prior to 1935 the provision was contained in section 9 of article XI.

769, 771 [127 P. 824].) It was reasoned that until the next term of office commenced, there was no subject upon which the statute could constitutionally operate, and that in order to harmonize the statute with the Constitution insofar as possible, it should be held that the Legislature intended to postpone the operation of the statute until the expiration of the incumbent's term of office. (See *Smith* v. *Mathews, supra*, 155 Cal. at p. 757; *Harrison* v. *Colgan, supra*, 148 Cal. at p. 73.) These decisions, therefore, represent a specific application of the general principle that statutes will be construed, if their language permits, so as to avoid unconstitutionality. The court thus held, in substance, that the Legislature intended the statutes to be operative at the earliest time the Constitution would permit, but not before. As said in the concurring opinion in the Smith case (155 Cal. at p. 762), such laws "are construed to be intended only for prospective operation and hence not void, but only in abeyance *until the conditions occur to which they can apply with effect.* . . . The old law stands and controls the right to compensation *until the time arrives at which, by the constitution, the new law is permitted to supersede it.* . . ." (Italics added.) Similarly, as expressed in *Shay* v. *Roth,* 64 Cal.App. 314, 323 [221 P. 967], the law "is held in abeyance until the incumbency of an officer upon whom the increase may constitutionally operate."

Although it is true that most of the decisions referred to the expiration of the incumbent's term of office as the effective date intended by the Legislature, it must be recognized that at the time those opinions were written this was the earliest date or "condition" upon which a statute increasing salaries could constitutionally operate, and, therefore, it was perfectly natural for the courts to designate it as representing the legislative intent. There was then no occasion for the courts to consider what construction should be given such a statute in the event that the constitutional prohibition as to incumbents was removed by a constitutional amendment; the question was not passed upon in any of the decisions; and, therefore, they are not authority here insofar as they may suggest that the Legislature could not have intended to give increases to incumbents in the event of such a contingency. (*Cf. Hobart* v. *Hobart Estate Co., ante* p. 412, 445 [159 P.2d 958]; *Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 730 [146 P.2d 673, 151 A.L.R. 1062].)

As asserted by petitioner, the statements in the Shay case and the concurring opinion in the Smith case more accurately express the principle applied in the decisions. A statute purporting, in general terms, to increase salaries would ordinarily be construed to include incumbents, and but for the constitutional bar it would do so. When the prohibition of the Constitution ceases to operate, there is no longer any reason to limit the statute, and its literal meaning may be carried out in full. The reason why the prohibition ceases to operate is entirely immaterial, whether it is because of expiration of the period designated in the Constitution or because of an amendment changing the Constitution. We hold, therefore, that the 1943 act increasing the salary of the District Attorney of Lake County was intended to take effect as soon as it lawfully could, including the contingency of a constitutional amendment permitting an operative date earlier than would have been permissible under the Constitution as it existed in 1943.

There appears to be no constitutional objection to such an interpretation. Although the taking effect of the act as to incumbents would thus depend upon the happening of a contingency, namely, passage of a constitutional amendment, it has been held in many states that a statute which is expressly made contingent upon the adoption of a constitutional amendment is vadid even where, as here, the Legislature would have had no power so to act in absence of the amendment. (*Alabam's Freight Co.* v. *Hunt,* 29 Ariz. 419 [242 P. 658]; *State* v. *Hecker,* 109 Ore. 520 [221 P. 808]; *State* v. *Rathie,* 101 Ore. 339 [199 P. 169, 200 P. 790]; *In re Opinions of the Justices,* 227 Ala. 291 [149 So. 776]; *Fry* v. *Rosen,* 207 Ind. 409 [189 N.E. 375]; *Pratt* v. *Allen* (1839), 13 Conn. 119; see *Druggan* v. *Anderson,* 269 U.S. 36 [46 S.Ct. 14, 70 L.Ed. 151]; 16 C.J.S. 97-98; cf. *State* v. *Smith,* 335 Mo. 840 [74 S.W.2d 27].) Cases to the contrary have been found in only one jurisdiction. (*In re Opinion of the Justices,* 132 Me. 519 [174 A. 845]; *In re Opinion of the Justices,* 137 Me. 350 [19 A.2d 53].) Although this problem apparently has not been decided heretofore in California, it has been held that the effective date of a statute may be made contingent upon a future event. (*Ex parte Beck,* 162 Cal. 701, 706-708 [124 P. 543]; see *Ogle* v. *Eckel,* 49 Cal.App.2d 599, 606 [122 P.2d 67]; *People*

v. *High School District,* 62 Cal.App. 67, 71 [216 P. 959].)
It may also be noted that the former State Liquor Control
Act, passed and approved by the Governor in June, 1933, was
expressly declared to take effect "If and when it shall become
lawful under the Constitution and laws of the United States"
to manufacture and sell intoxicating liquors for beverage
purposes, whereas the 21st Amendment was not proclaimed
ratified until December 5, 1933. (Cal. Stats., 1933, ch. 658,
p. 1697, § 39.)

The case of *County of Fresno* v. *Brix Estate Co.,* 194 Cal.
85 [226 P. 77], is not controlling. There a state act author-
ized cities and counties to eradicate animal pests. A county
board of supervisors adopted a resolution relating thereto
after passage of the state act but prior to its effective date.
The court held that the board of supervisors had no power
to pass the resolution in anticipation of the effective date of
the act, since, said the court, the referendum provisions of
the Constitution made it uncertain that the act would become
effective. Whatever may be the law with respect to the
power of a county board of supervisors to adopt resolutions
to be effective upon the occurring of uncertain events, it is
clear from the foregoing authorities that the Legislature does
have such power.

The case of *Banaz* v. *Smith,* 133 Cal. 102, 104 [65 P. 309],
cited by respondent, is not contrary to petitioner's position.
It was there stated that if a statute is void from the beginning,
a subsequent amendment to the Constitution does not give life
to the statute unless the amendment expressly so provides.
Such a situation is not presented here. The 1943 legislation
was at no time in violation of the Constitution if interpreted
as not intended to apply to incumbents until removal of the
constitutional prohibition—such an interpretation is in recog-
nition of, not in contravention of, the Constitution.

It follows, therefore, that chapter 5 of the 1945 statutes,
together with the constitutional amendment adopted in 1944,
operated to advance the effective date of the 1943 act, thereby
granting petitioner an increase of salary as of the effective
date of the 1945 act.

▇ Respondent contends, next, that the urgency clause of
the 1945 statute is invalid as to petitioner under section 1
of article IV of the California Constitution which provides, in
part, that "no measure creating or abolishing any office or

changing the salary, term or duties of any officer . . . shall be construed to be an urgency measure.'' Respondent argues that if the 1945 act is given the effect for which petitioner contends, it would constitute a measure changing his salary. The statute, however, does not by its terms change salaries—it purports merely to exercise the authority granted the Legislature by the 1944 amendment to suspend temporarily the prohibition contained in section 5 of article XI. The increase in salary of the District Attorney of Lake County was made by the legislation of 1943, and although passage of the 1945 act constituted the final event making the increase applicable to petitioner, this only resulted indirectly from removal of the constitutional prohibition.

Since the act does not directly purport to change salaries, we may properly consider it in light of the purposes underlying the rules governing urgency measures as set forth in section 1 of article IV of the Constitution. These are included as a part of the referendum provisions adopted by the people in 1911. It is there stated that referendum petitions may be presented to the Secretary of State within ninety days after the final adjournment of the Legislature, and that no act passed shall go into effect until ninety days after the final adjournment of the session at which it was passed, with exceptions being made to certain types of legislation including urgency measures. Prior to the adoption of the referendum system, the Constitution contained no provision precluding immediate operation of statutes, and the effective dates of the statutes were determined by the Legislature. (23 Cal.Jur. 621; see Pol. Code, § 323, as it read before its amendment in 1929.) The obvious purpose of placing the ninety-day limitation in the Constitution was to give the people ''an opportunity . . . to express their judgment as to the merits'' of a statute by filing a referendum petition. (*McClure* v. *Nye*, 22 Cal.App. 248, 251 [133 P. 1145]; see 59 C.J. 1149; *cf. Solomon* v. *Alexander*, 161 Cal. 23, 27 [118 P. 217] (referendum provision in a city charter).) Thus, in declaring that measures changing salaries are not to be construed as urgency measures, the people in substance reserved the right to an opportunity to pass upon such laws before the taking effect thereof.

In the present case, however, this purpose has been completely fulfilled, and there remains no reason to delay the effective date of the 1945 act. The people have already passed

upon it, since they specifically authorized it by adopting the 1944 amendment to section 5 of article XI of the Constitution. The 1945 act, with one unimportant exception relating to the date of termination of the period of suspension, strictly follows the authority granted by the 1944 amendment. It is clear that this amendment was adopted in view of the present war and contemplated action by the Legislature with respect thereto. It would be unreasonable to hold that the people, having directly authorized the statute, would wish to pass upon it again under the referendum provisions.

We conclude, therefore, that the 1945 act took effect immediately upon its approval by the Governor.

The peremptory writ is granted.

Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.