**GIBSON v. UNITED STATES.**

No. 10401.

Circuit Court of Appeals, Sixth Circuit.

June 2, 1947.

Appellant not represented.

Vincent Fordel, of Detroit, Mich. (John C. Lehr and Vincent Fordel, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

On June 13, 1941, appellant entered a plea of guilty to an indictment for a criminal offense in the United States District Court for the Southern District of Ohio and was placed on probation for three years. On the 12th day of March, 1943, his probation was revoked and set aside and upon his plea of guilty he was sentenced to imprisonment for a period of five years. While serving this sentence in the Federal Correctional Institution at Milan, Michigan, he committed an assault upon a fellow prisoner and was indicted therefor on February 7, 1946, in the District Court for the Eastern District of Michigan. He plead guilty and was sentenced to imprisonment for six months, the sentence to commence after the expiration of the five year sentence.

On February 8, 1946, the Good Time Forfeiture Board recommended to the Warden at Milan, Mich., that the good time which appellant had earned on the five year sentence be forfeited and the Warden imposed the forfeiture on February 12, 1946.

On September 24, 1946, appellant filed in the District Court for the Eastern District of Michigan a petition for a writ of habeas corpus. On November 4, 1946, the court held a hearing upon the petition

and denied it. There was no appeal from the judgment denying the writ and we need not pursue that matter further.

On November 27, 1946, appellant filed in the District Court a petition against Lemuel F. Fox, Acting Warden, United States Correctional Institution, Milan, Mich., for a declaratory judgment. The relief sought was an interpretation of the following sentence found in Title 18 U.S.C.A. § 710, to wit: "When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated."

The ultimate effective relief sought is an order requiring the Warden to discharge appellant from imprisonment. The Warden is in effect a representative of the United States and there is grave doubt whether the Declaratory Judgment Act is applicable. There is nothing in the Act, Title 28 U.S.C.A. § 400, to indicate that the Government has consented to be sued. See Love v. United States, 8 Cir., 108 F.2d 43; Yeskel v. United States, D.C., 31 F.Supp. 956.

But this to one side, "no actual controversy" appears now to exist between appellant and the Warden. Having forfeited all his good time on his five year sentence on February 12, 1946, he will not have completed this five year sentence until March 12, 1948, or, upon the date when the good time earned by him between those dates would terminate that sentence. See United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468. That date of course is an indefinite date. He will under the statute be entitled to such good time earned by him at the rate of eight days for each month, provided his "record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment. * * *" (See Sec. 710, supra.)

But even when the allowance of good time terminates his imprisonment upon the five year sentence, he must then undergo imprisonment upon the six months' sentence for a separate offense until any allowable good time for that period has terminated it. This period is also of course indefinite and contingent upon the record of appellant's conduct.

As we understand it, petitioner's claim is that if and when he enters upon imprisonment upon the six months' sentence he would be entitled to a basis of eight days' deduction for good time for each month, for he will have an aggregate of two sentences in excess of five years, one following the other. This contention has full support in Sweetney v. Johnston, Warden, D.C., 50 F.Supp. 326, and is an added inducement to good behavior. But we are not authorized to enter a judgment discharging appellant. He has not exhausted the procedure afforded by Title 18 U.S.C.A. § 711. See Brown v. Johnston, Warden, 9 Cir., 91 F.2d 370, 372. There is obviously no merit in appellant's contention that he is undergoing double punishment for the same offense. See Pagliaro v. Cox, Warden, 8 Cir., 143 F.2d 900.

The order of the District Court denying appellant's petition for a declaratory judgment is affirmed.