PETER SCHNEIDER and Others, Plaintiffs, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, January 29, 1942.

*James H. Tully,* for the plaintiffs.

*William C. Chanler, Corporation Counsel* [*M. Camper O' Neal* and *David Reich* of counsel], for the defendant.

COHALAN, J.   Action to recover difference in salary between the amount fixed by the board of estimate and paid to plaintiffs as " probationary " patrolmen and the salary as fixed by the Administrative Code.   The facts are not disputed.   Plaintiffs were appointed to the position of " probationary " patrolmen on June 5, 1940, and after the probationary period of six months to the position of " permanent " patrolmen.   Under section 67 of the New York City Charter, the power is given to the board of estimate to fix the salary or compensation of any person whose compensation is paid from the city treasury unless otherwise provided for by the Charter or by statute.   There is no such title or rank as " probationary " patrolman in the Administrative Code.   There is provision in the Code which provides for compensation of members of the police force according to grade and those who have served for one year or less are rated in the seventh grade.   The city contends that these plaintiffs did not become members of the police department until the " permanent " appointment.   The Administrative Code of the City of New York (§ 434a–8.0, subd. c) contains this provision: " Preliminary to a permanent appointment as patrolman there shall be a period of probation for such·time as is fixed by the civil service rules and permanent appointments shall only be made after the required probationary period has been served, *but the service during probation shall be deemed to be service in the uniformed force, if succeeded by a permanent appointment, and as such shall be included and counted in determining eligibility for advancement, promotion, retirement and pension."* (Italics mine.) In construing this section the court holds that the appointments of June fifth were as patrolmen beginning as of that date, that the probationary period was for the purpose of granting certain powers to the commissioner of the police department and that after such period those powers of the commissioner ceased and the appointees became vested with certain rights.   The board of estimate was, therefore, without power to fix the compensation and plaintiffs are

entitled to be compensated at the rate prescribed for patrolmen, seventh grade. The recovery herein must, however, be limited to those who accepted compensation under protest and for the period when protest was made. The motion of the plaintiffs is granted. Submit judgment on notice.