MICHAEL F. ALLEN, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, January 19, 1943.

*Alfred J. Talley* for plaintiff.

*William C. Chanler, Corporation Counsel (Jeremiah M. Evarts* and *Abraham Shapiro* of counsel), for defendant.

BERNSTEIN, J. The plaintiff, a member of the Fire Department of the City of New York, has brought this action to recover the difference between the salary to which he claims to have been entitled as a fourth-grade fireman and the salary that he actually received for the six-month period from October 16, 1941, to April 16, 1942.

The defendant's answer substantially admits the factual allegations of the complaint but sets up an affirmative defense, to wit: That the Board of Estimate of the city had, by resolution, established the position and grade of probationary fireman and fixed the salary at $1,200 per year, and that the plaintiff, ununiformed, served as such probationary fireman for the period from October 16, 1941, to April 16, 1942, and was paid that salary. The plaintiff's motion here is directed to striking out the separate defense under rule 109, subdivision 6, of the Rules of Civil Practice and to seeking an award of judgment on the pleadings under rule 112 of the Rules of Civil Practice. As stated by counsel, it involves a test of the rights of all firemen who have entered the service since July 1, 1939, and been paid a. salary of $1,200 per year.

Prior to May 19, 1937, the city, by its Municipal Civil Service Commission, caused to be published in the *City Record* a notice of examination for the position of fireman, reading in part as follows: " Salary: entrance salary, $2000 with statutory increases to $3000 per annum the fourth year. * * * Appli-

cations will be received from persons who are 20 years and 6 months of age on or before May 19, 1937. * * *."

Pursuant to that notice, the plaintiff filed his application, took and passed the prescribed examinations, was placed upon the eligible list for the position of fireman, and was duly appointed to that position on October 16, 1941. As required by section 487a–4.0 of the Administrative Code of the City of New York, the plaintiff served the probationary period of six months and became a permanent member of the force. On October 16, 1942, having completed a year of service in the department, he was duly advanced to third-grade fireman in accordance with the provisions of section 487a–7.0 of the Administrative Code.

As a result of the city-wide referendum held in 1929, the salary for first-grade firemen and policemen was fixed at $3,000, effective January 1, 1930, and, in order to bring the salaries for firemen of the second, third, and fourth grades into harmony with the increase effected by the referendum, they too were increased and fixed at $2,500 for second-grade firemen and $2,000 for third- and fourth-grade firemen, effective March 1, 1930. Those salaries were so fixed by the Board of Aldermen of the city, upon the recommendation of the Board of Estimate pursuant to the provisions of section 56 of the Greater New York Charter (now covered by New York City Charter [1938], § 67), and they have never been changed. In 1941, however, the Board of Estimate created or added a new grade of fireman, described as " probationary fireman," and fixed the salary at $1,200 per annum, and pursuant thereto the plaintiff was paid and received, under due protest, salary for the first six months of his service at the rate of $1,200 per annum. It is the legality of that action of the Board that is under attack here.

That the plaintiff's appointment on October 16, 1941, was to the position of fourth-grade fireman is apparent from a reading of section 487a–7.0 of the Administrative Code:

" Members of the uniformed force, *upon appointment,* shall be assigned to the fourth grade; *after one year of service* in the fourth grade they shall be advanced to the third grade; * * * *and they shall in each instance receive the annual pay or compensation of the grade to which they belong."* (Italics supplied.)

That the plaintiff's appointment on October 16, 1941, to the position of fourth-grade fireman was recognized by the defendant itself is demonstrated by its advance of him to the position of third-grade fireman on October 16, 1942, precisely one year after the commencement of his service in the department. It is true that the Administrative Code provides for a period of pro-

bation preliminary to a permanent appointment, but it expressly declares that " the service during probation shall be deemed to be service in the uniformed force if succeeded by a permanent appointment, and as such shall be included and counted in determining eligibility for advancement, promotion, retirement and pension." (§ 487a–4.0.) The purpose of the provision for a period of probation was to withhold from new appointees to the department rights and prerogatives that attach to civil service, and not to deprive them of tenure. (*Schneider* v. *City of New York*, 178 Misc. 238, affd. 264 App. Div. 855, affd. 289 N. Y. 785.) Having been appointed to the position of fourth-grade fireman on October 16, 1941, and having served in that position during the succeeding six months, he became entitled to the compensation fixed for that position.

It is true, as contended for by the defendant, that in the absence of a fixation of salary by statute, the Board of Estimate is vested with the power to fix it. (*Matter of McCarthy* v. *LaGuardia*, 172 Misc. 260, affd. 259 App. Div. 710, affd. 283 N. Y. 701.) It is also true that the fixing in 1930 of salary for fourth-grade firemen at $2,000 did not deprive the Board of Estimate of the power at budget time in 1939 to fix the salary of such position at $1,200. (*Matter of Abrams* v. *LaGuardia*, 174 Misc. 421, affd. 262 App. Div. 724, affd. 287 N. Y. 717.) But the Board had no authority to create new positions and grades or to modify old ones, except " subject to the provisions of this charter and of the civil service law and except as otherwise provided by statute." (New York City Charter [1938], § 68.) It had no authority to create the position or grade of " probationary fireman " other than as provided for by sections 813 and 817▌ of the Charter. Its resolution of 1939 having been adopted without legal sanction it was ineffectual for any purpose, including the fixing of a salary. The logical result of this holding is that since the plaintiff was a fourth-grade fireman during all of the so-called period of probation, he was entitled to the salary of a fourth-grade fireman at the rate theretofore fixed for such position. (*Schneider* v. *City of New York, supra.*)

There is no grade of " ununiformed firemen " known to the law. The denials of the answer raise no issues of fact, and the separate defense is insufficient. The motion is consequently granted in all respects. Settle order and judgment.