JOSEPH H. DEXTER, Respondent, *v.* BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, December 21, 1943.

*Nicholas Bucci* of counsel (*Joseph G. DeVito* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for appellant.

*A. Mark Levien* for respondent.

CALLAHAN, J. We deem that defendant's first partial defense, which was attacked solely for legal insufficiency, and not as sham, was sufficient on its face to raise an issue as to the amount which plaintiff was entitled to recover by way of salary increments. The affidavits may not be considered on this branch of the motion.

The case differs from *Matter of Adams* v. *Board of Higher Education* (288 N. Y. 652) in that here the plaintiff was employed (at least prior to September 1, 1938) as a " temporary instruc-

tor '', whereas in the cited case the employees involved were '' instructors.'' The position of '' instructor '' was included in defendant's schedule filed with the State Commissioner of Education, and, accordingly, incumbents in such positions were held to be entitled to increments pursuant to the provisions of section 889 of the Education Law.

Whatever may be the legal effect of the designation of plaintiff's position by a title not enumerated in defendant's filed schedules (see *Story* v. *Craig,* 231 N. Y. 33; *Matter of Carr* v. *Kern,* 279 N. Y. 42), it would not follow from this circumstance (at least not as a matter of law) that plaintiff was entitled to increments on the theory that his appointment as '' temporary instructor '' was equivalent in law to an appoinment as '' instructor ''. Nor would such a conclusion be required because of the further circumstance that the temporary designation was repeated from time to time. Here the power of defendant was not curtailed by statutory limitations specifying the titles and grades of positions to be filled. (See *Schneider* v. *City of New York,* 178 Misc. 238, affd. 264 App. Div. 855, affd. 289 N. Y. 785.)

The judgment should be reversed, with costs, and the order modified by denying the motion to strike out the first partial defense and, as so modified, affirmed.

DORE, J. (dissenting). The first partial defense shows on its face that the plaintiff was appointed in fact not for temporary service but for service on an annual basis; that such appointment of plaintiff was continuous for over ten years; and that plaintiff's salary increments ceased on January 1, 1932, not because he was a so-called '' temporary instructor '' (no such classification existing), but because he had not been granted a Ph. D. degree. The defense therefore is that defendant had a bylaw requiring a Ph. D. degree for instructors and plaintiff did not have such degree. In *Matter of Adams* v. *Board of Higher Education* (263 App. Div. 804, affd. 288 N. Y. 652) the Ph. D. salary-pegging provision was adopted as a purported amendment to the filed schedule. Here it was used as a special limitation applied to plaintiff from 1933 on. This is a distinction without a difference. This court and the Court of Appeals held the Ph. D. salary pegging was illegal in violation of section 889 of the Education Law. The Ph. D. salary-pegging rule applied to this plaintiff is equally illegal.

Accordingly, I dissent and vote to affirm.

GLENNON and COHN, JJ., concur with CALLAHAN, J.; DORE, J., dissents and votes to affirm in opinion in which TOWNLEY, J., concurs.

Judgment reversed with costs, and the order modified by denying the motion to strike out the first partial defense and, as so modified, affirmed. [See *post,* p. 819.]