WILLIAM F. ALLMENDINGER, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, January 13, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (William S. Lebwohl* of counsel), for defendant.

*Saul I. Radin* for plaintiff.

HECHT, J. Defendant moves to dismiss the complaint for insufficiency. Plaintiff is a member of the Police Department of the City of New York. He was appointed on November

21, 1942, and for the six months thereafter was paid at the rate of $1,320 per annum, pursuant to Local Law No. 40 of the City of New York, adopted August 11, 1942. He contends that the annual rate should have been $2,000 and that Local Law No. 40 is an invalid enactment.

Section 434a–1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929) provides for the composition of the force of the Police Department and subdivision 7 thereof states: '' Patrolmen to the number of seven thousand eight hundred thirty-nine.'' Section 434a–10.0 provides for the salaries of the force and subdivision 7 thereof creates seven grades of patrolmen and fixes the compensation of each grade. All patrolmen who have served for less than one year are members of the seventh grade. Advancement from grade to grade is automatic upon the expiration of various time limitations. Prior to August 11, 1942, the minimum salary for members of the seventh grade was $2,000 per annum. Local Law No. 40, adopted on that date, added the following wording to the section: '' except that the annual pay or compensation of members of such seventh grade shall be at the rate of not less than one thousand three hundred twenty dollars each during the probationary period of their service.''

The probationary period covers the six months immediately following appointment to the police force, completion of which is necessary before a permanent appointment can be made, but this period is counted in determining eligibility for advancement, promotion, retirement and pension (Administrative Code, § 434a–8.0, subd. c).

Pursuant to section 67 of the New York City Charter (1938) the Board of Estimate has at times sought to fix the salaries of patrolmen and firemen during this probationary period in an amount below the minimum allowed for the lowest grade in the respective forces. Such efforts have been declared invalid by the courts on the ground that sections 67, 68, 813 and 817 of the Charter prohibited such action by the Board. (*Schneider* v. *City of New York*, 178 Misc. 238, affd. 264 App. Div. 855, affd. 289 N. Y. 785; *Adrian* v. *City of New York*, 291 N. Y. 609; *Allen* v. *City of New York*, 179 Misc. 539, affd. 266 App. Div. 987.)

The question here presented is whether the result sought to be achieved by the Board of Estimate can be effectuated by an amendment to the Administrative Code by local law.

Section 12 of article IX of the State Constitution and subdivision 1 of section 11 of the City Home Rule Law empower

the City to adopt a local law affecting the compensation of its employees, not inconsistent with the Constitution or laws of the State, and to amend by local law any act of the Legislature which does not apply to all cities. Such local law is subject to mandatory referendum if it reduces the compensation of an employee when such compensation has been fixed by State statute and approved by the qualified voters of the City (N. Y. Const., art. IX, § 12; City Home Rule Law, § 15; New York City Charter [1938], § 40, subd. 9). The salary of seventh-grade patrolmen fixed by the Administrative Code, a State statute (*Matter of Astwood* v. *Cohen,* 291 N. Y. 484), was never a subject of local referendum. Therefore, these sections providing for mandatory referendum are inapplicable.

The classification of employees adopted by the New York City Municipal Civil Service Commission and approved by the State Civil Service Commission provides for only one classification of patrolmen. (Codification of Classification, effective June 17, 1943, part 7, p. 4.) The grades provided in the Administrative Code are grades within the classification and are the basis for salary increment without change of status in the classification. Assuming that the change in salary would create a new grade as far as patrolmen are concerned, it does not effect a change in civil service classification. The grades and compensation of patrolmen in New York City having been adopted in the Administrative Code, they may be changed by local law (N. Y. Const., art. IX, § 12; City Home Rule Law, § 11, subd. 1).

Motion granted. Settle order.