[L. A. No. 19566. In Bank. July 3, 1946.]

CECIL D. HOLLAND et al., Petitioners, v. HOWARD BYRAM, as Treasurer of Los Angeles County, etc., et al., Respondents.

Morris Lavine for Petitioners.

Harold W. Kennedy, County Counsel, S. V. O. Prichard, Assistant County Counsel, and Claude H. McFadden, Deputy County Counsel, for Respondents.

GIBSON, C. J.—Petitioners, justices of the peace in Los Angeles County, seek a writ of mandate directing the auditor to approve and the treasurer to pay their salaries as increased by county ordinance during their terms of office.

When petitioners were elected, the Constitution of California provided that the compensation of any county, township or municipal officer should not be increased after his election or during his term of office (Cal. Const., art. XI, § 5). The section was amended in 1944 so as to permit the Legislature to suspend the provision for any period during which the United States was engaged in war and for a year after termination of hostilities. Pursuant to this constitutional amendment, the Legislature suspended the prohibition for the period of the war and six months thereafter. (Stats. 1945, ch. 5, p. 316.) In reliance thereon, the Board of Supervisors of Los Angeles County passed the ordinance under which petitioners claim the increased compensation.

Respondents contend that the ordinance is invalid because it is in conflict with section 52, article 12, of the Los Angeles County charter which prohibits salary increases during terms of office. It is argued that since the constitutional amendment does not expressly authorize the suspension of restrictions contained in county charters, the provision of the Los Angeles County charter prohibiting increases remains in force.

The constitutional amendment was submitted to the people as a wartime emergency measure. The argument presented to the voters in support of its adoption was as follows: ''The need for this amendment at the present time is great. . . . With wartime conditions, many of the elective officers in the various counties find themselves working for much less than their deputies. . . . Nonelective officials are entitled to salary adjustments whenever necessary, and elective officials should be granted the same consideration, especially during times like the present, with the steady rise in the cost of living. . . . In many instances what was one time a part-time job has grown into more than a full-time job, with no opportunity under the present constitutional provision to give relief to the official affected. This is only a wartime measure, and . . . is only in keeping with the many other adjustments we have been obliged to make to keep abreast with the changing conditions, and to further the war effort. If adopted, this amendment will provide means whereby the Legislature, at its discretion and upon submission of proper evidence and investigation thereof, may bring about needed salary adjustments during the war emergency.'' (Arguments, p. 11, Proposed Amendments to Const., submitted to Electors at General Election, Nov. 1944.)

It is clear therefore that the constitutional amendment was intended to declare a statewide policy authorizing for a limited period the removal of restrictions prohibiting salary increases during terms of office. The article thus amended contains the section which grants to counties having freeholders' charters the power to adopt the restrictive provision contained in the Los Angeles County charter. Inasmuch as the effect of the constitutional amendment and the legislative act adopted pursuant thereto was to suspend the constitutional restriction for the designated period, it is only reasonable to suppose that the same effect was intended with respect to the charter provision. Obviously, the necessity for the wartime

suspension was equally applicable to all counties in the state, including counties with freeholders' charters. In other words, the conditions brought about by the war generally affected all public officers and were of concern to the state as a whole. The constitutional amendment and the legislation enacted pursuant thereto, as here construed, give full effect to the declared policy.

Let the peremptory writ of mandate issue.

Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.