[S. F. No. 18171.   In Bank.   Oct. 11, 1950.]

VAUGHN D. SEIDEL, Petitioner, v. EUGENE V. WARING, as County Auditor, etc., Respondent.

Gardiner Johnson and Thomas E. Stanton, Jr., for Petitioner.

J. F. Coakley, District Attorney (Alameda), R. Robert Hunter, Assistant District Attorney, Richard H. Klippert and John P. Sparrow, Deputy District Attorneys, for Respondent.

GIBSON, C. J.—This is a companion case to *Woodcock* v. *Dick*, *ante*, p. 146 [222 P.2d 667], and that decision is determinative of most of the contentions made herein. This proceeding, however, also raises the additional question whether the Legislature has power to increase the salary of an incumbent county superintendent of schools when the

county charter, adopted pursuant to section 7½ of article XI of the Constitution, prohibits such an increase during an incumbent's term of office.

Petitioner was elected superintendent of schools for Alameda County, a charter county of the third class, for the term commencing January 6, 1947, and ending January 8, 1951. In 1947 the Legislature adopted sections 400 to 459 of the Education Code, relating to the salaries of county superintendents, and provided by section 400.2 that the specified salaries were payable to incumbents. In 1949, section 403, relating to petitioner's salary, was amended to provide for an increase which was payable to the incumbent under section 400.2. Respondent auditor has refused to pay the salary specified in the 1949 amendment, and petitioner seeks a writ of mandate to compel such payment.

Section 5 of article XI of the Constitution, involved in the Woodcock case, prohibits any increase in the compensation of a county officer during his term of office, but it also states that its provisions shall not be construed to abridge, modify or otherwise affect the provisions of section 7½ of that article. Section 7½, as amended in 1914, states that county charters may provide for various officers, such as superintendents of schools, and for the fixing of their compensation. Pursuant to this section the Alameda County Charter provides that the county school superintendent shall be elected (§ 15) and that the compensation of elective officers shall be fixed at least six months prior to election and shall not be increased or diminished during the term of office (§ 12b). In 1946 there was added to the Constitution section 3.1 of article IX which provides that "Notwithstanding any provision of this Constitution to the contrary, the Legislature shall prescribe the qualifications required of county superintendents of schools and shall fix their salaries. . . ."

We held in the Woodcock case that section 3.1 supersedes section 5 of article XI and that, as to counties which do not have conflicting charter provisions, the Legislature is given complete authority to fix the amount and manner of payment of compensation of county superintendents, including the power to increase the salary of an incumbent during his term of office.

■ Respondent concedes that section 3.1 gives the Legislature power to fix the salary of a county superintendent as to any future term of office, but contends that the section does not permit the Legislature to increase an incumbent's

salary during his term of office when the county charter prohibits such an increase. It would seem clear, however, that the intent of the voters was to supersede all conflicting constitutional provisions and that section 3.1 therefore takes precedence over section 7½ of article XI and also over any county charter provisions enacted pursuant thereto. (See *Holland v. Byram,* 28 Cal.2d 567, 568 [170 P.2d 937].) Section 3.1 expressly provides that the Legislature shall fix the salaries of county superintendents ''Notwithstanding any provision of this Constitution to the contrary,'' and this intent is further shown by the printed argument submitted to the voters in support of the adoption of this section. (1946 Voters Pamphlet, p. 8.) After stating that the section will permit improvement in the county superintendencies and ''makes it possible for the Legislature to establish salaries for county superintendents,'' the argument continues: ''Until this constitutional amendment is passed qualifications cannot be established nor can salary adjustments be made *because charter provisions in some counties nullify legislative action.* Salary and qualifications go hand in hand in attracting qualified professional people to that office.'' (Italics added.)

The construction of section 3.1 advocated by respondent is contrary to the intent shown by the quoted portion of the argument to the voters. Further, such a construction would make the effective date of an increase different in different counties depending on whether or not there was a county charter provision prohibiting increases during an incumbent's term of office, whereas the adoption of the section amounts to a declaration by the voters that the compensation of county superintendents is a matter of statewide concern which should not be treated separately by each county or controlled by charter provisions. (See *Cunningham* v. *Hart,* 80 Cal.App.2d 902, 907-908 [183 P.2d 75].) Moreover, the county charter provisions were adopted as limitations on the power of the board of supervisors, and they cannot be considered as limitations on the power of the Legislature once it has been invested with plenary control over the particular subject matter.

Let a peremptory writ of mandate issue directing respondent to pay petitioner the balance of his compensation, as prayed, pursuant to the provisions of section 403 of the Education Code, as amended in 1949.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.