[Sac. No. 6135. In Bank. Oct. 11, 1950.]

P. F. WOODCOCK, Petitioner, v. NELL M. DICK, as County Auditor, etc., Respondent.

Gardiner Johnson and Thomas E. Stanton, Jr., for Petitioner.

Harold T. Hammond, District Attorney (Humboldt) for Respondent.

GIBSON, C. J.—The sole question raised by this proceeding is whether section 400.2 of the Education Code can be constitutionally applied so as to increase the salary of a county superintendent of schools during his term of office. Section 400.2 provides: ''The salary and qualifications of each county superintendent of schools of each county shall be as set forth in this article. The salaries set forth in this article are payable to incumbent county superintendents of schools.'' The article referred to in this section embraces sections 400 to 459.

Petitioner was elected superintendent of schools of Humboldt County for the term beginning January 6, 1947, and ending January 8, 1951. In 1949 the Legislature amended section 425 of the Education Code by providing for an increase in petitioner's salary, and he seeks a writ of mandate to compel payment of his salary at the increased rate.

Respondent auditor has refused to make the requested payments on the theory that petitioner may not be granted

an increase in salary during his term of office by reason of section 5 of article XI of the Constitution, as amended in 1933,* which provides that "The compensation of any . . . municipal officer shall not be increased . . . during his term of office." This section also provides that "boards of supervisors in the respective counties shall regulate the compensation of all officers" with certain exceptions not relevant here. In 1946, however, a radical change was made by the adoption of section 3.1 of article IX which provides that "Notwithstanding any provision in this Constitution to the contrary, the Legislature shall prescribe the qualifications required of county superintendents of schools and shall fix their salaries. . . ." The question thus presented is whether the provisions of section 3.1 gave the Legislature power to increase the salary of a superintendent during his term of office.

Substantially the same situation was presented in *Sevier* v. *Riley*, 198 Cal. 170 [244 P. 323]. In that case section 17 of article VI, as amended in 1906, provided that the salaries of superior court judges of certain counties should not be increased during their terms of office, and section 11 of that article was subsequently amended to provide that the compensation of "judges of all courts of record, shall be fixed and the payment thereof prescribed by the legislature." It was held that the amendment transferred the entire matter of compensation to the Legislature, investing it with full control over the matter of the amount and manner of payment of judicial salaries, and that an incumbent judge was entitled to the increased compensation prescribed by a statute enacted during his term of office.

It is argued that the Sevier case is distinguishable because the amendment involved in that case provided that the compensation of judges "shall be fixed and the payment thereof prescribed by the legislature," whereas section 3.1 relating to county superintendents merely states that the Legislature "shall fix their salaries" without adding that it shall prescribe payment thereof. It appears, however, that there was a reason for using the word "prescribe" in that case. Section 17 of article VI, in addition to prohibiting increases in an incumbent's salary, also specified the manner of payment by providing that one-half of the salary of each superior court judge should be paid by the state and the other half by the

*Article XI, section 5, was also amended in 1944, but the quoted portions were not changed.

county for which he was elected.* It was therefore appropriate to use the words "prescribe payment" in order to make it manifest that the Legislature was being given the power to change this method of payment of salaries, whereas in the present case there was no need to use such language because there was no similar constitutional provision relating to the compensation of county superintendents. (*Cf.*, art. XI, §§ 5, 7½.)

██ The word "fix" means to determine, to assign precisely, to make definite and settled. (Webster's New Internat. Dict., 2d ed.) To fix compensation is to prescribe a rule or rate by which it is to be determined. (*Flagg* v. *Columbia County*, 51 Ore. 172 [94 P. 184, 186]; Anderson's Law Dict.) It has been held that the power to fix compensation includes the power to adjust or regulate and implies a plenary right to act by lowering or raising salaries. (*Fidler* v. *Board of Trustees*, 112 Cal.App. 296, 302-303 [296 P. 912]; *McKann* v. *Town of Irvington*, 133 N.J.L. 63 [42 A.2d 391]; *Buckbee* v. *Board of Education*, 115 App.Div. 366 [100 N.Y.S. 943, 949], affd. 187 N.Y. 544 [80 N.E. 1106]; *Abrams* v. *La Guardia*, 174 Misc. 421 [21 N.Y.S.2d 891].) When section 3.1 is read in the light of these definitions, it is clear that the intent was to give the Legislature complete authority over the payment of compensation, including the power to increase the salaries of incumbent officers. (See *Sevier* v. *Riley*, 198 Cal. 170, 173-175 [244 P. 323]; *Crawford* v. *Payne*, 12 Cal. App.2d 485, 486-487 [55 P.2d 1240]; cf. *Busch* v. *Turner*, 26 Cal.2d 817, 819-821 [161 P.2d 456, 171 A.L.R. 1063]; *Hall* v. *Williams*, 2 Cal.2d 186 [39 P.2d 419].) The Legislature therefore has adopted a reasonable construction of section 3.1 by enacting section 400.2 of the Education Code which provides that the salaries set forth in sections 400 to 459 are payable to incumbent county superintendents. (Stats. 1947, p. 2833.) It is well settled that where the Legislature has by statute adopted a reasonable construction of a constitutional provision its action has strong persuasive force and will ordinarily be followed. (*Pacific Indemnity Co.* v. *Industrial Acc. Com.*, 215 Cal. 461, 463-464 [11 P.2d 1, 82 A.L.R. 1170];

---

*Section 17, article VI, has not been amended since 1906, but following the amendment of section 11 the Legislature made changes in the proportion of superior court judges' salaries to be paid by the state. This proportion has ranged, in different counties, from about 40 per cent to 100 per cent of the total salary. (See Pol. Code, § 736b; Stats. 1927, p. 578; Stats. 1931, p. 573; Stats. 1945, p. 1544; Stats. 1947, p. 1718.)

*San Francisco* v. *Industrial Acc. Com.*, 183 Cal. 273, 279-280 [191 P. 26].)

Let a peremptory writ of mandate issue directing respondent to pay petitioner the balance of his compensation, as prayed, pursuant to the provisions of section 425 of the Education Code, as amended in 1949.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.