[Crim. No. 13558. Third Dist. June 10, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JULIAN PALOMAR, Defendant and Appellant.

COUNSEL

James D. Skow, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Joel Carey and Esteban Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BLEASE, J.—Defendant challenges the "restitution fine" imposed following his plea of guilty to the offense of forgery (Pen. Code, § 470) because it was predicated upon a statute (Pen. Code, § 1202.4) which became "operative" after the date of his offense.[1] He claims that it cannot apply to him. The claim has merit and we will modify the sentence accordingly.

The pertinent facts are few. Defendant pleaded guilty to the count in an information which alleged that he committed the offense of forgery on or about October 31, 1983. On March 28, 1984, he was sentenced to 16

---

[1] All nondescript statutory references are to the Penal Code.

months in state prison and was ordered to pay a $1,000 restitution fine. He appeals from the part of the judgment imposing the fine.

## DISCUSSION

In 1983 the Legislature enacted comprehensive legislation which, inter alia, increased the fines authorized in criminal cases as part of the Crime Victim Restitution Program. (See Stats. 1983, ch. 1092.) It added section 1202.4 to the Penal Code[2] which provides for the imposition of a "restitution fine" (i.e. a fine) in any case in which a defendant is convicted of a felony.[3]

This legislation was adopted as an urgency measure and was filed with the Secretary of State on September 27, 1983. (Stats. 1983, ch. 1092,

---

[2]Penal Code section 1202.4 provides: "(a) In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code. Such restitution fine shall be in addition to any other penalty or fine imposed and shall be ordered regardless of the defendant's present ability to pay. However, if the court finds that there are compelling and extraordinary reasons, the court may waive imposition of the fine. When such a waiver is granted, the court shall state on the record all reasons supporting the waiver.

"(b) In any case in which the defendant is ordered to pay restitution as a condition of probation, the order to pay the restitution fine, or portion thereof, may be stayed pending the successful completion of probation, and thereafter the stay shall become permanent.

"(c) If the restitution fine has been stayed pending successful completion of probation, upon revocation of probation and imposition of sentence the stay shall be lifted. The amount of restitution fine shall be offset by any restitution payments actually made as a condition of probation."

Government Code section 13967 provides: "(a) Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Except as provided in Section 1202.4 of the Penal Code, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section. This fine shall not be subject to penalty assessments as provided in Section 1464 of the Penal Code.

"(b) The fine imposed pursuant to this section shall be deposited in the Restitution Fund in the State Treasury. Notwithstanding Section 13340, the proceeds in the Restitution Fund are hereby continuously appropriated to the board for the purpose of indemnifying persons filing claims pursuant to this article. However, the funds appropriated pursuant to this section for administrative costs of the State Board of Control shall be subject to annual review through the State Budget process."

[3]Prior to the enactment of Penal Code section 1202.4, and the amendment of Government Code section 13967, a restitution fine was imposed only for crimes of violence resulting in the injury or death of another person. (See Stats. 1980, ch. 530, §§ 3, 3.1, 3.5.)

§ 426.) By virtue of the urgency clause the statute went "into effect" immediately upon its enactment, September 27, 1983. (Gov. Code, § 9600, subd. (b); Cal. Const., art. IV, § 8, subd. (c)(1).) However, the legislation further provided that "[t]his *act* shall become *operative* January 1, 1984." (Stats. 1983, ch. 1092, § 427; italics added.)

Defendant committed his offense on October 31, 1983, during the period between the date the enactment went "into effect" and its "operative" date. He claims that the "operative" date controls the application of section 1202.4 to him. That turns upon the legal effect to be attached to the separate urgency and operative dates.

 By operation of law the act containing section 1202.4 went into effect on September 27, 1983.[4] The operative clause is part of the act (the last section) and explicitly applies to the entire act. (Cf. *Johnston* v. *Alexis* (1984) 153 Cal.App.3d 33 [199 Cal.Rptr. 909]; see also fn. 4, *infra.*) It was therefore put into effect immediately. Accordingly, there is no conflict between the urgency and operative clauses because the first contemplates the second. That is essentially the answer given by this court in the context of criminal legislation in which the operative date was given similar effect. (See *People* v. *Henderson* (1980) 107 Cal.App.3d 475 [166 Cal.Rptr. 20]; see also *People* v. *Hinojosa* (1980) 103 Cal.App.3d 57 [162 Cal.Rptr. 793].) The "enactment is a law on its effective date only in the sense that it cannot be changed except by legislative process; the rights of individuals under its provisions are not substantially affected until the provision operates as law." (*Henderson, supra,* 107 Cal.App.3d at p. 488.)

That does lead to the question: why would the Legislature have gone to the trouble of adopting an urgency clause only to put into effect a later operative date? We really don't know. The Legislature built the structure and that is the last brick they laid. (See *People* v. *Puritan Ice Co.* (1944) 24 Cal.2d 645 [151 P.2d 1].) Maybe the plan was changed. It is not for the courts to ascribe an intention to everything the Legislature has done. Nor would it make a difference. The Legislature knows how to speak the language and they used it. There is no conflict to resolve. However, for those who crave an answer we offer several which others have given. The later operative date allows persons and agencies affected by it to become aware

---

[4]Defendant contends he was denied equal protection of the law because he was treated differently than those individuals who committed offenses between September 27, 1983, and January 1, 1984, but were sentenced prior to January 1, 1984. Presumably his argument that the sentencing date is the critical date for the application of Penal Code section 1202.4 is based on the trial court's discussion of the statute. The trial court asserted that the statute is applicable to any *conviction* after January 1, 1984. Because we conclude the statute was not applicable to defendant, we do not reach the equal protection issue.

of its existence and to comply with its terms. (2 Sutherland, Statutory Construction (3d rev. ed. 1973) § 33.07, p. 12; see also 27 Assem. Interim Com. Rep. on Constitutional Amendments (1965-1967) No. 5, Effective Dates of Statutes, p. 39, *ff.* 2 Appen. to Assem. J. (1967 Reg. Sess.).) This is not unlike on-your-mark, get set, go. In the case of agencies charged (by other laws) with the authority to enforce the statute, the earlier "effective" date provides a legislative sanction for the agency to take steps necessary to implement the statute *on* its operative date. (See 26 Ops.Cal.Atty.Gen. 141 (1955), regulations to implement a statute may be promulgated after enactment and prior to effective date.) A later "operative" date can also "provide time for emergency clean-up amendments and the passage of interrelated legislation." (*People* v. *Henderson, supra,* 107 Cal.App.3d at p. 488.)[5]

██ The Attorney General simply tosses off the provision for an operative date as a mistake and asks us to rewrite the enactment by striking it. That we cannot do. "In the construction of a statute . . . the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, *or to omit what has been inserted* . . . ." (Code Civ. Proc., § 1858, italics added.) Moreover, there appears to have been no mistake, at least not one which affects section 1202.4.[6]

---

[5]The Legislature may specify the legal effects to be attached to the operative clause. For example, it may specify that a statute will become operative upon the occurrence of a contingency (*Busch* v. *Turner* (1945) 26 Cal.2d 817, 821 [161 P.2d 456, 171 A.L.R. 1063]) or it may specify that some *part* of a statute will become operative at a date after the date the statute takes effect. (See 2 Sutherland, Statutory Construction, *supra,* § 33.08, p. 14.) In *Johnston* v. *Alexis, supra,* 153 Cal.App.3d 33, the Legislature attached an urgency clause to an enactment raising vehicle license fees, stating that its purpose in doing so was to enable the agencies charged with transportation planning to estimate the funds that would be made available. At the same time it attached a clause making *some* of the provisions of the enactment operative on a later date. Among these was a provision for an increase in the basic vehicle registration and commercial weight fees. This court applied these differential provisions of the legislation as provided by the enactment.

[6]The original version of the bill containing the enactment included an urgency provision. (Assem. Bill No. 1485 (1983-1984 Reg. Sess.) § 425.) It set forth the reasons for the urgency, as required by our Constitution (Cal. Const., art. IV § 8, subd. (d)), as follows: "Provisions of law which were *recently enacted* (Ch. 80, Stats. 1982), changed certain monetary limits with respect to misappropriated property or labor, which form the basis upon which a crime is classified as either a misdemeanor or felony. In order to insure that similar violations of the law are punishable by similar penalties, it is necessary for this act to take effect immediately." (Stats. 1983, ch. 1092, § 426; italics added.) The "recently enacted" provisions *raised* the dollar measure of a felony violation of Penal Code sections 476a, 487, 487b, 487c, 487e, and 487f. Similarly the provisions to which the urgency clause is directed raised the dollar measure of a felony violation of Business and Professions Code section 21653, Penal Code sections 337.4, 396 (repealed by Stats. 1984, ch. 1448, § 1.5), 484h, 502.7 and 606, Vehicle Code section 10851.5 and Welfare and Institutions Code section 11483.

*After* this was done, section 427 was added to provide that the "act shall become operative

We conclude that Penal Code section 1202.4 did not affect the rights of individuals until January 1, 1984, the operative date of the act and cannot retroactively be applied to any offense occurring before that date. (See *Fox* v. *Alexis* (1985) 38 Cal.3d 621 [214 Cal.Rptr. 132, 699 P.2d 316].)

The judgment is modified by striking therefrom the $1,000 restitution fine. In all other respects, the judgment is affirmed.

Regan, Acting P. J., and Carr, J., concurred.

---

January 1, 1984." (Sen. Amend. to Assem. Bill No. 1485 (1983-1984 Reg. Sess.) July 1, 1983, § 427.) This provision, unlike that in *Johnston* v. *Alexis, supra,* 153 Cal.App.3d at footnote 5, is not limited to specified provisions of the act. Notwithstanding the pronouncement of the urgency clause, the operative clause applies to the entire act. We need not reach the question whether the purpose assigned to the urgency clause might be utilized to give early effect to the provisions it refers to (cf. *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948]), for section 1202.4 is not among them.