Filed 4/23/13  P. v. Fletcher CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>WILLIAM DOUG FLETCHER,<br><br>　　　Defendant and Appellant. | F063786<br><br>(Super. Ct. No. CF03901007)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Wayne R. Ellison, Judge.

Paul Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Melissa Lipon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Cornell, Acting P.J., Gomes, J. and Poochigian, J.

## INTRODUCTION

Appellant William Doug Fletcher was recommitted to Coalinga State Hospital (CSH) as a mentally disordered offender (MDO) pursuant to Penal Code section 2962[1] for a one-year term, expiring December 14, 2012. He challenges the sufficiency of the evidence to support his commitment as an MDO. The term of commitment under the order appealed from expired on December 14, 2012, thereby rendering it impossible for this court to grant any effectual relief to Fletcher. He does not raise any legal issues that have evaded appellate review; therefore, we exercise our discretion to dismiss this appeal as moot.

## FACTUAL AND PROCEDURAL SUMMARY

In 1995, when Fletcher was 21 years old, he was convicted of misdemeanor annoying or molesting a child based upon his following a 15-year-old girl for approximately two years in order to be "close" to the girl.

In 1996 Fletcher tried to kiss a 12-year-old girl in the laundry room of his apartment complex. He told the girl he wanted "to do her." Also in 1996, Fletcher asked a neighbor's five-year-old daughter to come to his apartment, where he asked the child to lie down on the bed. Fletcher then kissed the child and afterwards pulled down his pants and exposed his penis to the child. The conduct with the five-year-old constituted the basis of Fletcher's second conviction for annoying or molesting a child.

Fletcher committed the qualifying offense for MDO commitment when he was 29 years old. Over the course of several weeks, Fletcher followed a 13-year-old girl as she walked home from school. On one occasion, he positioned himself across the street from her home and waited for her. After his arrest, Fletcher told officers he wanted to make the girl "his friend" so he could touch her. Fletcher repeatedly told officers he did not intend to rape the teenager; he wanted to "touch her." In 2003 Fletcher pled no contest to

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

one count of an attempted lewd act upon a child. He was sentenced to serve 18 months in a prison facility and thereafter was committed as an MDO.

In 2007, after a jury trial, Fletcher's commitment as an MDO was extended to December 14, 2008. His commitment thereafter was extended again until December 14, 2010. After a bench trial, Fletcher's commitment once again was extended through December 14, 2011.

On September 12, 2011, a new petition for continued involuntary treatment was filed pursuant to section 2970 et seq. A jury trial commenced on November 10, 2011. Dr. Robert Wagner, a forensic psychologist employed at CSH, testified for the People.

Prior to testifying, Wagner reviewed Fletcher's mental health records, including prior evaluations, police and probation reports related to Fletcher's offenses, and the daily interdisciplinary notes completed by all hospital staff treating or interacting with Fletcher at CSH. Wagner also conducted an interview of Fletcher and discussed the case with Fletcher's current treating psychiatrist and psychologist. Wagner diagnosed Fletcher as suffering from two qualifying severe mental disorders: pedophilia and schizophrenia disorganized type. Based upon all available information, Wagner opined that if released, Fletcher posed a substantial risk of serious physical harm to others.

Pedophilia is a chronic, lifelong condition. Pedophilia is a diagnosis that requires that over a period of six months an individual have recurrent, intense sexually arousing fantasies, sexual urges, or sexual behaviors involving sexual activity with a prepubescent child and the person has acted on these feelings or the feelings have caused personal distress or difficulties. The goal for treatment is to use cognitive behavior therapy to assist the pedophile to learn skills to manage the sexual urges and to conform to society's rules in this regard.

Fletcher twice had started sex offender treatment but failed to complete phase one of the treatment. Fletcher refused to participate in group sessions because he felt his attraction to children was "behind him" and he did not want to be stigmatized. The

3.

treating psychiatrist felt Fletcher had very little, if any, insight into his pedophilia diagnosis.

The diagnosis of schizophrenia disorganized type was based on Fletcher's history of positive symptoms, including hallucinations and delusions, as well as the negative symptoms of lack of motivation and failure to groom himself. Fletcher was taking prescribed medications for schizophrenia while at CSH and Wagner opined that this mental condition was in partial remission because of the medications.

Fletcher testified that if released, he would seek out a group home in Fresno. He claimed he was "kicked out" of sex offender treatment because he did not "pass it." He acknowledged he might need treatment "later on," but claimed he did not need treatment now because he had "learned his lesson."

On November 15, 2011, the jury found the MDO allegations to be true. The trial court recommitted Fletcher to CSH for a one-year term, expiring on December 14, 2012.

## DISCUSSION

This is an appeal from an order committing Fletcher as an MDO pursuant to the MDO Act found in section 2970 et seq. The commitment order from which this appeal is taken expired on December 14, 2012. In *People v. Cheek* (2001) 25 Cal.4th 894, 897-898 and *People v. Hurtado* (2002) 28 Cal.4th 1179, 1186, the California Supreme Court concluded that a proceeding in which a sexually violent predator seeks relief from a commitment order is rendered moot when the commitment term expires during the pendency of the appeal. The same principle holds true for appeals of commitment orders under the MDO Act.

It is the function of an appellate court to decide actual controversies by a judgment that can be carried into effect. It cannot render opinions on moot questions or declare principles of law that cannot affect the matter in issue in the case before it. (*City of Los Angeles v. County of Los Angeles* (1983) 147 Cal.App.3d 952, 958.) When, during the pendency of an appeal an event occurs that renders it impossible for an appellate court to

4.

grant any effectual relief should it decide the case in favor of the appellant, the court will not proceed to a formal judgment but will dismiss the appeal. (*Ibid*.)

When an appeal raises an issue that is likely to recur while evading appellate review and involves a matter of public interest, an appellate court may exercise its discretion to decide the issue for guidance in future proceedings before dismissing the appeal as moot. (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321 (*Gregerson*).) No such issues are present in Fletcher's case. With respect to the sufficiency of the evidence, this issue is not reasonably capable of recurring in that the evidence presented at recommitment hearings, even successive ones, will necessarily vary based upon Fletcher's response to treatment.

Appellate courts have addressed the merits of an appeal from an expired commitment order in very limited cases. In *People v. Rish* (2008) 163 Cal.App.4th 1370, 1381, the commitment order under the MDO Act had expired, but the appellate court addressed the legal issue of whether a trial court had a sua sponte duty under section 2972 to consider outpatient treatment. Such an issue involved a matter of public interest likely to recur. In *People v. Hernandez* (2011) 201 Cal.App.4th 483, 487 and footnote 3, this court addressed the merits of the appeal after the commitment order appealed from had expired because the committee had stipulated to a further recommitment order, this court was notified of the stipulation during the pendency of the appeal, and thus effective relief could be granted if the appeal was decided in the appellant's favor. In *People v. Jenkins* (1995) 35 Cal.App.4th 669, 672 and footnote 2, the appellate court addressed the issue of whether the MDO Act violated ex post facto laws in its application, even though the commitment order appealed from had expired.

We cannot grant any effectual relief to Fletcher even if the evidence presented during the hearings that resulted in the recommitment that is the subject of this appeal was insufficient because of the expiration of the appealed from commitment order. Moreover, our review of the record discloses sufficient evidence. The MDO Act (§ 2960

et seq.) applies to certain offenders about to be released on parole. An offender is eligible for commitment under the MDO Act if all of the following are met: (1) He or she has a severe mental disorder that is not in remission or cannot be kept in remission without treatment (§ 2962, subd. (a)); (2) the disorder must have been "one of the causes of or was an aggravating factor in the commission of a crime for which the prisoner was sentenced to prison" (*id*., subd. (b)); (3) he or she has been in treatment for the severe mental disorder for 90 days or more within the year prior to the release date (*id.*, subd. (c)); (4) before his or her parole or release, the treating physician and other specified medical authorities have certified that each of the noted conditions exist and, because of the disorder, the offender "represents a substantial danger of physical harm to others" (*id*., subd. (d)(1)); and (5) the crime for which the prisoner was sentenced to prison was punished by a determinate sentence under section 1170 (§ 2962, subd. (e)(1)) and is specifically listed in the MDO Act (§ 2962, subd. (e)(2)(A)-(Q)). Wagner's testimony provided sufficient evidence of all the elements required under the MDO Act for commitment.

Therefore, because the term of commitment under the order appealed from expired on December 14, 2012, thereby rendering it impossible for this court to grant any effectual relief to Fletcher, and the issue raised by Fletcher does not involve a matter of public interest, nor is it likely to recur while evading appellate review, we exercise our discretion to dismiss this appeal as moot. (*Gregerson, supra,* 202 Cal.App.4th at p. 321.)

## DISPOSITION

The appeal is dismissed as moot.