Filed 12/10/13  P .v. Cruz CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062781 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. CR100787, CR125680) |
| RICHARD LARRY CRUZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Amalia L. Meza, Judge.  Dismissed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

Richard Larry Cruz appeals from an order extending his commitment to the California Department of State Hospitals, as a mentally disordered offender (MDO). He challenges the sufficiency of the evidence to support his commitment as an MDO and argues the trial court failed to properly consider his request for outpatient treatment. Cruz's term of commitment expired on August 10, 2013, thereby rendering it impossible for the court to grant him any effectual relief. He does not raise any legal issues that are matters of public interest or that are likely to recur while evading appellate review. Thus, we exercise our discretion to dismiss this appeal as moot.

## BACKGROUND

In 1989, Cruz pleaded guilty to the crime of assault with a deadly weapon or by means of force likely to produce great bodily injury. He was placed on probation. A few years later, he pleaded guilty to the crime of assault with intent to commit rape and was sentenced to four years in prison. In 1994, Cruz was committed to a state hospital as an MDO. His commitment has been annually extended since that date. He appeals from the most recent recommitment order.

## DISCUSSION

In processing the appeal, we discerned that Cruz's commitment term expired on August 10, 2013. Thus, we requested supplemental letter briefs from the parties on whether the appeal is moot and should be dismissed. Cruz contends his appeal is not moot because the sufficiency of the evidence issue could lead to his release thereby barring the People from filing a new petition, and the issues raised in his appeal are likely to recur and

evade appellate review. The People argue the appeal is moot because it raises issues not reasonably capable of recurring and this court cannot grant Cruz any effectual relief.

"As a general rule, an appellate court only decides actual controversies. It is not the function of the appellate court to render opinion ' " ' "upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " ' [Citation.] '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief. [Citation.]' " (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380 (*Rish*).) Although an appeal may be moot, an appellate court retains discretion to decide it if there is an important public interest involved that will continue to recur and evade review. (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321.)

Appellate courts have considered the merits of an appeal from an expired MDO commitment order in limited cases. In *Rish*, *supra*, 163 Cal.App.4th at p. 1381, although the appellant's MDO commitment period had expired, the court addressed the legal issue of whether a trial court had a sua sponte duty to consider outpatient treatment. The court found the issue was a matter of public interest likely to recur. (*Ibid.*) Similarly, in *People v. Jenkins* (1995) 35 Cal.App.4th 669, 672, fn. 2, the court addressed the issue of whether the MDO Act violated ex post facto principles because "the issue [was] of recurring importance and [was] likely to evade appellate review due to the time constraints of the MDO commitment." In *People v. Hernandez* (2011) 201 Cal.App.4th 483, 487, fn. 3, the court considered the merits of the appeal because, after it was filed, the appellant stipulated to a further one-year recommitment which may have been predicated on the pendency of

3

the appeal. Likewise, in *People v. Fernandez* (1999) 70 Cal.App.4th 117, 134-135, although the appeal was moot because the commitment period had expired, the court addressed the issue presented because it affected the lower court's right to continue jurisdiction under the original commitment as well as the recommitment.

In contrast to those cases, Cruz's appeal does not involve issues that concern matters of public interest and that are likely to recur while evading review. He raises issues concerning the sufficiency of the evidence supporting his recommitment and whether the trial court properly considered his request for outpatient treatment. These issues are not reasonably capable of recurring in that the evidence presented at any future recommitment hearings will necessarily vary based upon Cruz's response to treatment and his condition at the time of the subsequent hearing. Moreover, the issues presented are particular to his case, do not go to fundamental jurisdiction, and are not novel questions of unsettled law. We simply cannot grant him any effectual relief and decline to exercise our discretion to address the merits of the case.

DISPOSITION

The appeal is dismissed as moot.

_____

McINTYRE, J.

WE CONCUR:


_____
    HALLER, Acting P. J.


_____
    McDONALD, J.

4